UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASSAGE GREEN
INTERNATIONAL FRANCHISE
CORP.,

       Plaintiff,

v.

LADYNE BUNSEY,
CHRISTOPHER BUNSEY, and
MG ROCKY RIVER, INC.,

       Defendants.

Case No. 2:22-mc-51267
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO GRANT PETITION AND MOTION TO CONFIRM ARBITRATION AWARD (ECF No. 1)

### I.  Introduction

This is an action to enforce an arbitration award.  Massage Green

International Franchise Corporation (Massage Green) petitions and moves the

Court to confirm an award from the American Arbitration Association (AAA) in

the amount of $248,366.49 in its favor against respondents, MG Rocky River Inc.,

Ladyne Bunsey, and Christopher Bunsey (collectively, where appropriate, the

Bunseys).  (ECF No. 1).  Under 28 U.S.C. § 636(b)(1)(A), the petition and motion

1

was referred to the undersigned, (ECF No. 12),[1] and a hearing was held on May 23, 2023.  Because the petition and motion is dispositive, the undersigned proceeds by Report and Recommendation.  *See Anagonye v. Mass Mut. Ins. Co.*, No. 18-11170, 2021 WL 2044437, at *1 (E.D. Mich. Apr. 9, 2021), *report and recommendation adopted*, 2021 WL 2043008 (E.D. Mich. May 21, 2021), *reconsideration denied*, 2021 WL 9949801 (E.D. Mich. July 19, 2021) (handling motion to confirm arbitration award with a Report and Recommendation).

For the reasons that follow, the undersigned RECOMMENDS that Massage Green's petition and motion to confirm the arbitration award be GRANTED.

## II.    Background

The facts underlying Massage Green's petition are taken from the briefs of the parties and the attached exhibits, which are not in dispute except where noted.

### A.    Events leading up to entry of arbitration award

The Bunseys decided to open a Massage Green franchise in Ohio as a means for maintaining cash flow in retirement.  (ECF No. 10, PageID.136 (*see also* ECF Nos. 10-2, 10-3, affidavits of support)).  Their application was initially denied by Massage Green's Chief Financial Officer (CFO) due to the Bunseys' financials.

---

[1] The petition and motion was originally referred to then Magistrate Judge Jonathan J.C. Grey.  (ECF No. 2).  It was later reassigned to the undersigned upon Judge Grey becoming a district judge.  *See* Text-Only Order of reassignment pursuant to Administrative Order 23-AO-012, dated March 10, 2023.

However, the owner of Massage Green, Allie Mallad, overrode this decision.  On

August 5, 2015, the Bunseys opened a Massage Green franchise in Rocky River,

Ohio.  (*Id.*, PageID.136-137).

The franchise agreement contains an arbitration clause which states in

pertinent part:

> [A]ny controversy or dispute arising out of, or relating to the franchise
> or this Agreement or the relationship of the Franchisee and Franchisor
> or any parent, subsidiary or Affiliate of Franchisor, including, but not
> limited to . . . any claim of breach of this Agreement . . . shall be
> submitted to final and binding arbitration as the sole and exclusive
> remedy for any such controversy or dispute.
>
> …
>
> Subject to this Section, the right and duty of the parties to this
> Agreement to resolve any disputes by arbitration shall be governed
> exclusively by the Federal Arbitration Act, as amended, and arbitration
> shall take place according to the then current commercial arbitration
> rules of the American Arbitration Association in effect as of the date
> the demand for arbitration is filed.

(ECF No. 1-2, PageID.66-67).  The franchise agreement lists the Bunseys' address

as 33855 Crown Colony Drive in Avon, Ohio 44011 and email as follows:

ladyne@roadrunner.com.

Due to the COVID-19 pandemic, the franchise eventually closed on August

15, 2021.  (ECF No. 11-17, PageID.303).  A few weeks later, on September 22,

2021, Massage Green demanded arbitration in accordance with the franchise

agreement.  The basis for the demand was violation of the franchise agreement,

3

abandonment of the franchise location, future royalties owed, and gift cards and pre-paid membership costs that would be fulfilled by other Massage Green locations.  (*Id*.; ECF No. 1, PageID.2).

On September 27, 2021, the demand for arbitration and proof of service were mailed to the Bunseys at the Crown Colony Drive address, the same address listed in the franchise agreement.  (ECF No. 1-2, PageID.70).  And, as of June 23, 2023, the Crown Colony Drive address is the same address for the registered agent of MG Rocky River, Inc., who is Christopher Bunsey.[2]  On September 28, 2021, counsel for Massage Green emailed a courtesy copy of their demand for arbitration to ladyne@roadrunner.com, the contact email listed in the franchise agreement, as well as to cbunsey@roadrunner.com, presumably a known email address for Christopher Bunsey.  (ECF No. 11-5).

During the course of arbitration, Massage Green and the AAA served several notices for the Bunseys at the Crown Colony Drive address and the email addresses listed above in attempts to involve them in the arbitration proceedings. *See* ECF Nos. 11-6, 11-7, 11-9, 11-12.  Specifically, the following notices were sent: notice of an administrative call regarding arbitration, (ECF No. 11-6), notice of a proposed list of arbitrators for ranking, (ECF No. 11-7), a request to schedule

[2] Verified by a search for "MG Rocky River" on the Ohio Secretary of State's Business Search (https://businesssearch.ohiosos.gov/).

4

a preliminary call with the arbitrator, (ECF No. 11-9), and notice of the preliminary hearing date, (ECF No. 11-12).

On December 9, 2021, the arbitrator conducted a prehearing conference. The Bunseys did not appear.  The arbitrator then instructed Massage Green to file a verified motion for judgment.  (ECF No. 11-13).

Massage Green filed its verified motion for judgment on December 22, 2021.  (ECF No. 11-17).  The motion, verified by counsel for Massage Green, was supported by four exhibits: the franchise agreement, an "assignment to controlled entity" agreement, a "guaranty and assumption of franchisee's obligations" agreement, and a notice of termination of franchise agreement outlining the Bunseys' obligations.  The motion was emailed to the AAA, and the AAA verified that it was received as filed.  (ECF No. 11-16).

On December 28, 2021, the AAA sent a notice to the Bunseys that they had until January 4, 2022, to respond to the motion.  (ECF No. 11-18).  The notice was sent to the Crown Colony Drive address and the email addresses noted above. (*Id*.).  The Bunseys did not respond to the motion.  The day after a response was due, on January 5, 2022, the AAA mailed and emailed notice to all parties that the hearings were declared closed and that the award of the arbitrator was due by February 3, 2022.  (ECF No. 11-19).

On January 12, 2022, the AAA sent the arbitrator's award to all parties, with the cover page again specifying that the correspondence was sent via mail to the Crown Colony Drive address and via email to the email addresses for the Bunseys listed above.  (ECF No. 11-20).  Based on Massage Green's unopposed motion for judgment, the arbitrator found that the Bunseys entered the franchise agreement on May 1, 2014, and ceased operating their franchise, in violation of the agreement, on August 15, 2021.  The arbitrator also noted that "[d]espite numerous opportunities and more than adequate notices by mail per the Commercial Arbitration Rules of the AAA, [respondents] have not replied to the Demand for Arbitration."

The arbitrator awarded Massage Green $248,336.49, as follows:

$230,862.58 for damages for breach of the agreement;

$6,203.91 in contractual attorneys' fees and costs;

$2,900 for AAA administrative fees; and

$2,750 for Arbitor costs.

TOTAL: $248,336.49

(ECF No. 1, PageID.2-3 (citing ECF No. 1-1, PageID.9-10)).  The decision was issued on January 11, 2022.  The next day, on January 12, 2022, the decision was mailed to the Bunseys at the Crown Colony Drive address and emailed to the email addresses above.

B.      Events following entry of the arbitration award

One day after the decision was mailed, on January 13, 2022, Christopher

Bunsey emailed the AAA correspondent to inquire about the arbitration award.

(ECF No. 11-21).  This email came from a different email address than the

cbunsey@roadrunner.com email address which had been used for Christopher

Bunsey.  The new email came from twamd80driver@yahoo.com.  The email

states: "We received a correspondence today about a hearing being declared

closed, what specifically are you talking about?"  (*Id*.).  The next day, the AAA

responded, stating that the case closed on January 4, 2022, and that the award was

issued on January 11, 2022.  (*Id*.).  The AAA also copied Massage Green's counsel

on its email to Christopher Bunsey.  (*Id*.).  After receiving this email, counsel for

Massage Green reached out via email to the new email address (copying the other

Bunsey email addresses), providing another copy of the award and inviting the

Bunseys to contact him through their attorney.  (ECF No. 11-23).  The Bunseys did

not follow up on counsel's invitation.

On August 4, 2022, Massage Green filed the instant petition and motion

seeking to confirm the arbitration award.  (ECF No. 1).  On that day, counsel for

Massage Green emailed the Bunseys a courtesy copy of the petition to the

following email addresses: twamd80driver@yahoo.com,

cbunsey@roadrunner.com, and ladyne@roadrunner.com.  (ECF No. 11-24).  In the

email, counsel also asked if the Bunseys would accept service or if a process server
would be needed to deliver a hard copy of the documents.  (*Id*.).  Counsel did not
receive a response from the Bunseys regarding service or have any other
communications with them.

On October 5, 2022, Massage Green filed a motion for alternate service,
(ECF No. 3).  In the motion, Massage Green explained that a process served had
attempted to personally serve the Bunseys at the Crown Colony Drive address
seven times, all without success.  (ECF No. 3-7).  Massage Green asked for
alternative service in the form of regular mail, email, or posting of the pleadings at
the Crown Colony Drive address.

In support of its motion, Massage Green attached email correspondence
from the process server.  These emails show that on August 18, 2022, personal
service was attempted three times, and on the second time, the garage door which
had been open was then closed, and inside the house, clothes and shoes had been
moved.  (ECF No. 3-8).  Personal service was also attempted on August 20,
August 21, August 23, and August 28, 2022.  Massage Green's motion for
alternative service was granted on October 20, 2022.  (ECF No. 5).

On November 14, 2022, almost a month after the motion for alternative
service was granted and nearly three months after the petition and motion were
filed, counsel filed an appearance on behalf of the Bunseys.  (ECF No. 8).  Counsel

filed a response to the petition on December 9, 2022.  (ECF No. 11).  As noted

above, the petition and motion were then referred to the undersigned and a hearing

was held on May 23, 2023.

III.    Legal Standard

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 9, a party to an

arbitration proceeding may, within one year of an arbitration award, apply to the

United States district court in which the award was made for an order confirming

the award.  9 U.S.C. § 10(a) provides that, upon application of a party to the

arbitration, the court may vacate an arbitration award on four specified grounds:

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Similarly, 9 U.S.C. § 11 allows for an award to be modified or corrected in certain

enumerated instances, but respondents have not moved to modify or correct the

award.

There is a presumption that arbitration awards will be confirmed, and the

9

Sixth Circuit has held that "courts should play only a limited role in reviewing the decisions of arbitrators." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (internal quotation marks omitted). "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co. ("Nationwide IV")*, 429 F.3d 640, 643 (6th Cir. 2005) (internal quotation marks omitted). A "federal court may vacate an arbitration award only in very limited circumstances," *id.*, those being the four grounds set forth in § 10 of the AAA, *Dawahare*, 210 F.3d at 669 (citing 9 U.S.C. § 10(a)).

## IV.    Analysis

Massage Green argues that because the Bunseys were properly served and provided notice with the arbitration proceeding and award, the award is now binding and cannot be vacated. Massage Green also argues that the Bunseys waived the right argue that the award should be vacated on any ground because they did not seek this relief within three months after the award was filed or delivered.

The Bunseys argue that the award was not properly served and is therefore *void ab initio*. And because the award is void, the Bunseys argue that they have not waived their rights to raise challenges to the award, including for lack of service.

10

A.    Service

Rule 43 of the Commercial Rules of the AAA provides that "papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules . . . may be served on a party by mail addressed to the party or its representative at the last known address[.]"[3]  Service under Rule 43 has been upheld in numerous courts.  *See EP Acquisition Corp. v. MaxxTrade, Inc.*, No. 5:09-CV-193-KSF, 2011 WL 4102114, at *6 (E.D. Ky. Sept. 14, 2011) (citing *Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410 (9th Cir. 1996) (finding that service by mail to registered agents of defendant's businesses was "more than sufficient")); *Gingiss Int'l, Inc. v. Bormet,* 58 F.3d 328, 332-33 (7th Cir. 1995) (finding that notices sent by regular mail to respondents' last known address in conformity with AAA rules was adequate when mail was not returned)); *see also Domestic Unif. Rental v. A2 Auto Ctr.*, No. 355780, 2022 WL 495324, at *4 (Mich. Ct. App. Feb. 17, 2022) (unpublished decision) ("The AAA rules allow notice of the initiation of arbitration to be given 'by mail.' ") (citing 2013 AAA Commercial Arbitration Rules and Mediation Procedures, Rule 43(a)).

In *EP Acquisition Corp.*, the defendants initially participated in early arbitration proceedings, but after relocating their office, did not update their

---

[3] *See* https://adr.org/sites/default/files/Commercial%20Rules.pdf (last accessed June 23, 2023).

address with the plaintiffs or the AAA.  2011 WL 4102114, at *1.  Their counsel

withdrew from the arbitration as well.  *Id*.  After that point, the defendants did not

appear at the prehearing conference call or the final hearing.  *Id*. at *2.  The

arbitrator concluded that the defendants had received due notice, and the hearing

proceeded without them.  *Id*.  The arbitrator entered an award against the

defendants.  The plaintiff moved to enforce the award.  The defendants responded,

arguing that service was improper.  The district court rejected this argument and

confirmed the arbitration award, stating that the defendants "must accept

responsibility for any lack of actual notice regarding the final arbitration hearing."

*Id*. at *7.

Here, the Bunseys listed the Crown Colony Drive address and email address

of ladyne@roadrunner.com at which they could be contacted by Massage Green in

the franchise agreement.  (ECF No. 1-2, PageID.70).  Massage Green used all of

these addresses, in addition to an email address for Christopher Bunsey,

cbunsey@roadrunner.com, to provide notice of arbitration to the Bunseys.  These

addresses were also used throughout the arbitration proceedings by Massage Green

and the AAA to provide notice of the proceedings to the Bunseys, up to and

including entry of the arbitration award.  The Crown Colony Drive address used

for notices is still the current address for the registered agent of respondent MG

Rocky River, Inc. (Christopher Bunsey).

It is also not disputed that the Bunseys agreed to be subject to arbitration for violations of the franchise agreement under the FAA and subject to the commercial arbitration rules of the AAA.  (*Id.*, PageID.66-67).

In addition, the arbitrator made a substantive determination that "[d]espite numerous opportunities and more than adequate notices by mail per the Commercial Arbitration Rules of the AAA, Respondents have not replied to the Demand for Arbitration."  (ECF No. 1-1, PageID.9).

The undersigned notes that a day after the award was entered, and after notice had been provided under exactly the same methods as all prior notices had been provided, Christopher Bunsey emailed the AAA about the award.  (ECF No. 11-21).  However, the Bunseys took no further action or otherwise followed up after sending this single correspondence.  The undersigned further notes that Massage Green was forced to file a motion for alternative service after having been unable to effect personal service in this Court.

Overall, the record shows that the Bunseys were given the required notice of all relevant events before, during, and after the arbitration process.  The Bunseys chose not to participate in the arbitration process.  This ground alone is sufficient to grant Massage Green's petition and motion to confirm the award.

### B.     Waiver

Massage Green alternatively argues that the petition and motion should be

granted because the Bunseys waived the ability to raise any defects in the arbitration process by not raising them within the time provided.  As noted above, under 9 U.S.C. §12, a motion to vacate an arbitration award must be made within three months of filing *or delivery* of the award.

Here, as discussed above, notice of the award was provided to all parties on January 12, 2022, (ECF No. 11-20), and on the following day, Christopher Bunsey essentially acknowledged receipt of the award in his email to the AAA, (ECF No. 11-21).  Another day later, counsel for Massage Green emailed Christopher Bunsey with another copy of the arbitration award and included the relevant dollar amounts in the body of the email.  (ECF No. 11-23).  However, the Bunseys took no action to vacate the award within 90 days.  In fact, they "concede that they did not file a motion to vacate the award within 90 days of the award."  (ECF No. 10 PageID.146).

The Sixth Circuit has held where, as here, a party has not sought to modify or vacate an arbitration award in the three months allowed under 9 U.S.C. §12, arguments that could have been brought at that time such as to the validity of the award are untimely and deemed waived.  *See Stonebridge Equity LLC v. China Auto. Sys., Inc.*, No. 09-11541, 2012 WL 899360, at *2 (E.D. Mich. Mar. 16, 2012), *aff'd*, 520 F. App'x 331 (6th Cir. 2013) ("The FAA provides that notice of a motion to vacate, modify, or correct an award must be served upon the adverse

14

party or his attorney within three months after the award is filed or delivered. 9
U.S.C. § 12m. Failure to comply with this requirement 'forfeits the right to
judicial review of the award.' " (quoting Corey v. New York Stock Exchange, 692
F.2d 1205, 1212 (6th Cir. 1982))); *see also Mich. Glass & Glazing Indus. Defined
Contribution Pension Plan v. CAM Glass, Inc.*, No. 06-12917, 2008 WL 506350,
at *8 (E.D. Mich. Feb. 22, 2008) (citing cases) (concluding that where defendant
elected not to file motion to vacate arbitration award during three months after
receiving copy of award, defendant's objections to award were deemed waived);
*Humvee Exp., LLC v. Eco Vehicle Sys., LLC*, No. 21-CV-10548, 2021 WL
2682178, at *3 (E.D. Mich. June 30, 2021) (same).

It is also within the arbitrator's purview to determine whether service of the
initiating papers was proper under the AAA rules. *Domestic Unif. Rental*, 2022
WL 495324, at *4 (citing *BG Grp., PLC v. Republic of Argentina*, 572 US 25, 34-
35 (2014)). Therefore, the Bunseys lack-of-service argument, as well as the other
arguments they raise in opposition to the award, [4] even if they have merit, could

---

[4] The Bunseys make several arguments regarding the merits underlying the award,
including a lack of due process. However, these arguments are not properly before
the Court on a motion to enforce the arbitration award. *See, e.g.*, *Solvay Pharm.,
Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 476 (6th Cir. 2006) ("Courts must
refrain from reversing an arbitrator simply because the court disagrees with the
result or believes the arbitrator made a serious legal or factual error."). To rule on
these issues would frustrate the purpose of arbitration, which is the avoidance of
litigation. *See Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales
Corp.*, 274 F.2d 805, 808 (2d Cir. 1960).

have been raised in a timely motion to vacate the award. Because, however, the Bunseys did not challenge the award within the timeframe set forth in the FAA, they have waived the right to challenge it within the confines of Massage Green's petition and motion. This waiver provides an independent reason for confirming the award.

V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Massage Green's petition and motion to confirm the arbitration award, (ECF No. 1), be GRANTED.

Dated: June 27, 2023
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

<strong><u>NOTICE TO PARTIES REGARDING OBJECTIONS</u></strong>

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

16

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager