UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASSAGE GREEN INTERNATIONAL
FRANCHISE CORP.,

    Petitioner,

v.                                                   Misc. Case No. 23-12707

LADYNE BUNSEY, *et al.*,               Sean F. Cox
                                                      United States District Court Judge

    Respondents.

_____/

**ORDER
ADOPTING 6/27/23 REPORT AND RECOMMENDATION
AND CONFIRMING ARBITRATION AWARD**

Petitioner Massage Green International Franchise Corp. ("Massage Green") initiated this Miscellaneous Action by filing a Petition and Motion to Confirm Arbitration Award (the "Petition and Motion"). Massage Green asks this Court to confirm a final arbitration award by American Arbitration Association ("AAA") Arbitrator Gene J. Esshaki, entered in its favor and against Respondents MG Rocky River, Inc., Ladyne Bunsey, and Christopher Bunsey (the "Franchisees"). A copy of the "Final Award Of Arbitrator" is attached to the Petition and Motion. In it, Arbitrator Esshaki explained that "[d]espite numerous opportunities and more than adequate notice by mail per the Commercial Arbitration Rules of the AAA, [the Franchisees] have not replied to the Demand for Arbitration." (ECF No. 1-1 at PageID.9). He then considered Massage Green's Verified Motion for Judgment and ultimately issued an award

1

in favor of Massage Green.[1]

This Court referred the Petition and Motion to Magistrate Judge Kimberly Altman. On June 27, 2023, Magistrate Judge Altman issued a "Report and Recommendation to Grant Petition and Motion To Confirm Arbitration Award" (ECF No. 15) (the "R&R"). In it, she explained the relevant factual background. (*Id*. at 2-9). The magistrate judge then set forth the governing standard and analyzed the parties' legal arguments. She correctly noted that Massage Green contends that "because the Bunseys were properly served and provided notice with the arbitration proceeding and award, the award is binding and cannot be vacated," and that the Franchisees "waived the right to argue that award should be vacated on any ground because they did not seek this relief within three months after the award was filed or delivered." (R&R at 10). She also correctly summarized the Franchisees's position. (*Id.*) ("The Bunseys argue that the award was not properly served and is therefore *void ab initio*. And because the award is void, the Bunseys argue that they have not waived their rights to raise challenges to the award, including for lack of service."). The magistrate judge rejected the Franchisees' argument that they were not properly served:

> Overall, the record shows that the Bunseys were given the required notice of all relevant events before, during and after the arbitration process. The Bunseys chose not to participate in the arbitration process. This ground alone is sufficient to grant Massage Green's petition and motion to confirm the award.

(R&R at 13). The magistrate judge also agreed with Massage Green that because the Franchisees "did not challenge the award within the timeframe set forth in the FAA, they have

---

[1]The Petition and Motion, and the R&R, state that the total amount of the award is $248,336.49. (Petition at 1-2; R&R at 6). But if the undersigned's math is correct, the amounts listed in the Petition and Motion ($230,862.58, $6,203.91, $2,900, and $2,750) total $242,716.49.

waived the right to challenge it within the confines of Massage Green's petition and motion. This waiver provides an independent reason for confirming the award." (R&R at 16).

After the R&R was issued, the Franchisees filed timely[2] Objections to the R&R on July 25, 2023, and Massage Green filed a timely response to those objections on August 8, 2023.

In addition, the Franchisees filed a motion seeking an extension of time to "file their reply brief," and then filed a reply brief, although Fed. R. Civ. P. 72 does not provide for reply briefs. Fed. R. Civ. P. 72(b)(2).

In their objections, the Franchisees continue to argue that the arbitration award was *void ab initio* because they were not properly served in the arbitration proceeding. They contend that the magistrate judge erred in finding that they were properly served in the arbitration proceeding. They assert that they were not properly served because they were served only by e-mail, and not by regular mail, as required by the AAA's rules and, therefore, they had no adequate notice of the demand for arbitration. (Objs. at 6).

The Franchisee's objections are without merit. As the magistrate judge recognized in the R&R, the demand for arbitration and proof of service were mailed to the Bunseys at their Crown Colony Drive mailing address. The record contains a proof of service reflecting that Massage Green served its arbitration demand on the Bunseys by regular mail. (*See* ECF No. 11-4). Seeking to avoid the import of that proof of service, the Franchisees assert that:

> [T]he proof of service itself is inadequate proof that the demand was served. Notably, Petitioner does not submit any evidence of *receipt* of the demand. Petitioner does not have any certified mail receipt or proof of delivery from a commercial carrier.

---

[2]This Court granted the Franchisee's request for an extension of time to file their objections. (*See* 7/6/23 Docket Entry).

(Resp.'s Reply Br. at 3). But the applicable rules do not require service by certified mail or delivery by a commercial carrier. And as the magistrate correctly recognized, the record in this case shows that the Bunseys were given the required notice of all relevant events before, during, and after the arbitration proceeding. They simply chose not to participate in the arbitration.

This Court concludes that the magistrate judge properly rejected the Franchisee's argument that the arbitration award was *void ab inito* because they were not properly served in the arbitration proceeding. And the Court agrees that this ground alone is sufficient to grant Massage Green's petition and motion to confirm the award. Moreover, the Court also concurs with the magistrate judge's finding that the Franchisees waived the right to challenge the arbitration award because they did not challenge it within the timeframe set forth in the FAA.

Accordingly, the Court hereby **ADOPTS** the R&R and **ORDERS** that Massage Green's Petition and Motion is **GRANTED. IT IS FURTHER ORDERED** that this Court hereby **CONFIRMS** the January 11, 2022 arbitration award, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. A separate judgment in favor of Massage Green shall be issued.

The parties shall submit a judgment approved as to form no later than **November 13, 2023**. If the parties cannot agree as to the form of the judgment, then no later than **November 20, 2023**, each party shall submit a proposed judgment along with a memorandum in support of that party's proposed judgment.

    **IT IS SO ORDERED.**

    s/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: October 30, 2023

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2023, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy
                                        Case Manager